UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ENDER ANTONIO HUERTA
ANGARITA,

        Plaintiff,

      v.                          Case No.:  6:26-cv-00776-GAP-NWH

LOUIS A. QUINONES JR., GARRETT
RIPA, SECRETARY MARKWAYNE
MULLIN, DEPARTMENT OF
HOMELAND SECURITY,

        Defendants,

## ORDER

This matter is before the Court on the Petition for Writ of Habeas Corpus filed by Petitioner Ender Antonio Huerta Angarita ("Petitioner"). Doc. 1. Upon consideration of Respondents' Response in Opposition, the Habeas Petition will be granted. Doc. 6; *see also* Doc. 1.

### I.    Background

Petitioner Ender Antonio Huerta Angarita ("Petitioner") is a citizen of Venezuela. Doc. 1, ¶ 5. He entered the United States on a B2 tourist visa on September 25, 2018, "fleeing the political persecution of the Venezuelan government" and was admitted until March 24, 2019. *See* Doc. 1 at 3, 10-11. On March 12, 2019, Petitioner filed an Application for Asylum and for Withholding of

Removal which remains pending. *Id.* at 3, 8. On January 2, 2024, Petitioner was granted Temporary Protected Status ("TPS") through September 10, 2025.[1] *Id.* at 9. Petitioner also possesses a valid Employment Authorization Card (issued on April 21, 2025) and a valid Florida Driver's License (issued on September 17, 2025). *Id.* at 7.

On January 24, 2026, Petitioner was arrested in Orlando on an Orange County warrant for a petit theft charge dating back to August 27, 2025. *Id.*, ¶ 11. On February 18, 2026, Petitioner pled out on his state charge and on February 23, 2026, he was transferred to Lake County Detention Center. *Id.*, ¶¶ 11-12. Petitioner accepted a pre-trial diversion program and was released on his own recognizance by the State on April 6, 2026. *Id.* at 2, 12. Notwithstanding his release, Petitioner continues to be held—presently "at an unspecified ICE facility in Orlando, Florida, without criminal charges, judicial warrant, or lawful authority, based solely on an ICE immigration detainer." *Id.*, ¶ 1. On April 8, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus challenging his detention. Doc. 1.

In light of its recent experience with similar habeas petitions, on April 9, 2026, this Court entered an Order that temporarily restrained and enjoined Respondents and those in privity with them from moving Petitioner out of the Middle District of

---

[1] According to the Notice, USCIS received his application for TPS on October 21, 2022. Doc. 1 at 9.

Florida until further order of the Court. Doc. 4. That Order also directed Respondents to show cause as to why the Court should not grant the Petition. *Id.*

## II.     Habeas Standard

Congress granted federal courts the authority to determine whether a prisoner "is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). To answer that question in the present immigration context, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700. But even where removable is reasonably foreseeable, "the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period." *Id.* at 700 (emphasis added).

## III.     Analysis

Respondents acknowledge that Petitioner's detention is governed by 8 U.S.C. § 1226(a) but argue that his Petition is premature because he has not yet requested a bond redetermination hearing. Doc. 6 at 2. However, in *Correa Cabral v. Quinones et al*, this Court held that the binding precedent of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which was reaffirmed by the Chief Immigration Judge in January of this year, effectively nullifies any immigration judge's discretion to hold

- 3 -

a legitimate bond hearing for § 1226(a) detainees. No. 6:26-cv-425-GAP-LHP, Doc. 20 at 5-9 (M.D. Fla. Mar. 4, 2026). Thus, requesting a bond hearing under these circumstances would be futile. *See id.* Petitioner and those similarly situated are faced with "indefinite [detention] without the opportunity for a legitimate bond hearing," and that is "contrary to law." *Id.* at 8-9.

Respondents assure the Court that Petitioner will be made available for any future bond hearing but concede that this matter is substantively similar to *Correa Cabral*. Doc. 6 at 2. Consequently, and for the same reasons explained in *Correa Cabral*, this Court finds that Petitioner has been unlawfully detained by Respondents and is due to be immediately released. No. 6:26-cv-425-GAP-LHP, Doc. 20 at 4-9; *see also* Doc. 1.

## IV. Conclusion

Accordingly, it is **ORDERED** that:

1. Petitioner Ender Antonio Huerta Angarita's Petition for a writ of habeas corpus and injunctive relief is hereby **GRANTED**.

2. The Hearing scheduled for Tuesday, April 14, 2026, at 10:30 AM is hereby **CANCELLED**.

3. Respondents shall **IMMEDIATELY RELEASE or facilitate the release** of the Petitioner from custody and **IMMEDIATELY** notify his counsel where and when he may be picked up.

4. Respondents shall **IMMEDIATELY** return all of Petitioner's documentation and any other personal property.

5. Respondents and all other persons or entities acting in active concert or participation with them are **RESTRAINED AND ENJOINED** from re-arresting or detaining Petitioner **UNTIL FURTHER ORDER OF THE COURT**. The Court will consider lifting this prohibition once the BIA vacates *Hurtado* and the Court is convinced that a fair and impartial bond hearing can be timely provided.

6. No security bond is required.

7. Petitioner is **DIRECTED** to notify his counsel should his place of residence change while his immigration proceedings are ongoing.

8. **The Clerk is DIRECTED** to enter judgment in favor of Petitioner and against Respondents.

9. The Court retains jurisdiction to enforce this order and to consider the matter of fees and costs.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 10, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

ICE: Attention Assistant Field Office Director by email at OPLAORLFEDLIT@ice.dhs.gov

Office of the United States Attorney by certified mail at 400 West Washington Street, Suite 3100, Orlando, FL 32801 and by email at USAFLM.Orlando2241@usdoj.gov

Orange County Jail/Warden's Office by email at irmpickupdesk@ocfl.net and so-as-legalservices@ocsofl.com  and OCCDRecords@ocfl.net and Juanita.Beason@ocfl.net

Markwayne Mullin, Secretary, by certified mail at Office of the General Counsel, United States Department of Homeland Security, 2707 Martin Luther King, Jr. Ave, SE, Washington, DC 20528

Garrett Ripa, Miami Field Office Director, by certified mail at United States Immigration and Customs Enforcement, 865 SW 78th Avenue, Suite 101, Plantation, FL 33324

United States Attorney General by certified mail at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001

United States Marshals by email at usms-mfl-orl@usdoj.gov.